## Joseph P. Griffin, Executor,
### v.
## John L. Kehrer.

*Administration—Claim for Services—Practice—Appeal—Findings of Fact by Jury.*

Upon an appeal by an executor from a judgment against an estate on a claim for work and labor, this court declines to interfere with the findings of the jury, no errors of law being raised.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, pres·ding.

This was a claim filed by the appellee in the County Court against the estate of Ira Manville, deceased, of which estate the appellant is the executor. The merits of the claim were contested in that court before a jury and a verdict was rendered for appellee, from which an appeal was prosecuted to the Circuit Court and, upon a trial in that court, the jury found the same way and the executor again appeals.

It appears from the record that the claim of the appellee was for work and labor performed for the testator in his lifetime, for which he had received no compensation. The defense most earnestly urged was that the work and labor claimed for were mere acts of neighborly kindness done without an expectation of procuring reward, or the intention of charging the testator for their value.

Messrs. MARSHALL W. WEIR and TURNER & HOLDER, for appellant.

Messrs. FRANKLIN A. McCONAUGHY and HAY & BARTEL, for appellee.

PILLSBURY, J. The question whether the services were performed as a mere gratuity was submitted to the jury upon the instructions asked by the defendant below, which presented the legal points in so clear a light that the jury must have understood the true issue between the parties.

No errors of law are raised by the record nor urged by counsel for appellant, but we are asked to reverse the judgment because the finding is against the weight of the evidence. A careful consideration of the evidence convinces us that there is sufficient proof in the record to sustain the finding, and that we should not interfere in this case unless we are prepared to do so in every case, where, perhaps, we might be disposed to determine the fact otherwise, were the question presented to us for decision in the first instance.

Some effect should be given to the findings of fact by a jury, and where two juries have found the same way upon a single question of fact, and about which they could not be misled, their verdict should not be set aside and their findings ignored, except when it is evident they have been actuated by passion or prejudice.

Nothing of that kind appears in this record, and we affirm the judgment.

*Judgment affirmed.*